UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tarren Lee Richburg, #271746, | ) | C/A No. 2:13-01931-BHH-WWD |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Stevenson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner, Tarren Lee Richburg, # 271746, (Petitioner or Richburg), a state prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is before the Court for a report and recommendation on the Respondent's Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No.15.) 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C.

The Petitioner brought this habeas action on July 15, 2013. On October 29, 2013, Respondent filed a Motion for Summary Judgment. By order filed that same day, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No.17.) After several extensions of time to file an opposition, Petitioner filed his Response in Opposition to the Motion for Summary Judgment on March 5, 2014. (Dkt. No. 27.) The case was reassigned to the undersigned on June 30, 2014. Hence, it appears that consideration of the motion is appropriate.

1

## PROCEDURAL HISTORY

The Petitioner is currently confined in the Broad River Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Horry County conviction and sentence. The Horry County Grand Jury indicted him in November 2006 for trafficking in powder cocaine, 10-28 grams (2006-GS-26-4824). (App. pp. 309-10.) G. Scott Bellamy, Esquire, represented him on this charge. On June 4, 2007, Petitioner received a jury trial before the Honorable J. Michael Baxley. The jury found him guilty as charged, and Judge Baxley sentenced him to twenty-five (25) years imprisonment. (App. pp. 1-210; 311.)

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Kathrine H. Hudgins represented him on appeal. On January 26, 2009, the Final Brief of Appellant was filed, in which Petitioner presented the following issue for review:

> Did the judge err in refusing to grant a mistrial when, in closing argument, the prosecutor made the comment, "The defense has not put up anything to say Officer Santiago wasn't telling the truth," and later said, "They testified and there is nothing that the defense has produced to say those events did not occur," because the statement constituted improper comments on the defendant's right to remain silent and impermissibly shifted the State's burden of proof?

> Final Brief of Appellant at p. 3.

On April 12, 2010, the South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished Opinion. State v. Tarren Lee Richburg, 2010-UP-235 (S.C. Ct. App., Apr. 12, 2010). (App. p. 312). The Court of Appeals dismissed the issue as not preserved for their review because counsel did not object to the sufficiency of the curative instruction given by the trial judge. (App. p. 300). The Court of Appeals sent

2

the Remittitur to the Horry County Clerk of Court on May 4, 2010.

Petitioner then filed a pro se Post-Conviction Relief (PCR) Application

(2011-CP-26-0574) on January 19, 2011. App. pp. 214-33.  He alleged the following

grounds for relief in his Application:

> 1. Ineffective assistance of appellate counsel:
>
>> Counsel was ineffective for failing to argue on direct appeal that trial counsel
>> was ineffective for failing to move to suppress evidence.
>
> 2. Prosecutorial misconduct:
>
>> … . During closing argument, the prosecutor stated "The defense has not put
>> up anything to say Officer Santiago wasn't telling the truth." (Tr. pg. 164, lines
>> 13-14). Later in closing the prosecutor stated, "They testified and there is
>> nothing that the defense has produced to say those events did not occur. And
>> especially that what Officer Santiago testified to, and what he … observed
>> during the stop, and during that encounter, that what he saw did not happen
>> (Tr. Pg. 166, line 22- Pg. 167 line 1). …The Fifth Amendment forbids
>> comments by the prosecution on the defendant's silence. … The judge in the
>> present case gave a curative instruction but the instruction failed to cure the
>> constitutional violation.
>
> 3. Ineffective assistance of counsel.
>
>> [a]. Counsel was ineffective for failing to investigate the 911 call and/or the
>> BOLO Report [because] if counsel [had] investigated he would have the
>> differences in the two cars …[T]he one car per the 911 call and/or the BOLO
>> Report was [off-white] in color , with big rims and tinted windows. Applicant's
>> car was white with no rims and no tinted windows. … If counsel would have
>> investigated the 911 call and/or the BOLO Report he would have discovered
>> the above and argued that the officers had no probable cause.
>>
>> [b]. … . Counsel was ineffective for failing to move to suppress the drugs
>> where counsel laid the proper foundation and should have argued chain of
>> custody was broken.
>>
>> [c]. Counsel was ineffective for actively representing conflicting interests,
>> where counsel is/was friends with the state's witnesses.
>>
>> [d]. Counsel was ineffective for failing to bring in an expert witness to show
>> that latent prints could have been removed from [the package containing the

3

alleged drugs], thus contradicting the testimony of Det. Jolliff stating the effort to obtain prints would have been futile.

[e]. Counsel was ineffective for failing to object to hearsay testimony of Sgt. Green and his improper corroboration. (Tr. Pg. 64, lines 13-18).

[f]. Counsel was ineffective for failing to object to judge's curative instruction per Solicitor's comments on Applicant's right to remain silent by not putting up a defense.

(App. pp. 214-33.)

The Honorable Stephen H. John held an evidentiary hearing into the matter at the Horry County Courthouse, on August 23, 2011. Petitioner was present and testified at the hearing represented by Heather M. Cannon, Esquire. The State presented the testimony of trial counsel Bellamy. (App. pp. 238-93).

On September 6, 2011, Judge John filed an Order Denying Post-Conviction Relief, in which he denied relief and dismissed the Application with prejudice. The Order addressed Petitioner's claims that (1) he received ineffective assistance of appellate counsel for not raising the issue of ineffective assistance of counsel as an issue on direct appeal; (2) there was prosecutorial misconduct; (3) trial counsel was ineffective because he failed to properly object to the assistant solicitor's improper comments in closing argument that referenced Petitioner's right to remain silent; (4) trial counsel was ineffective because he failed to move to suppress the drug evidence because the officer had no reason to stop Richburg; and (5) counsel had a conflict of interest because he stated in his closing argument that he was friends with the officers in the case. (App. pp. 297-308).

Petitioner timely served and filed a notice of appeal from the denial of PCR; Assistant Appellate Defender LaNelle C. Durant represented him. On May 3, 2012, the

4

Petition for Writ of Certiorari was filed; the Question Presented was:

> Did the PCR court err in failing to find trial counsel ineffective for not objecting to the sufficiency of the curative instruction the judge gave the jury after the solicitor made improper comments during his closing argument on Richburg's right to remain silent and shifted the burden of proof to Richburg?

Petition for Writ of Certiorari, p. 2.

The Supreme Court of South Carolina filed an Order denying certiorari and granting counsel's petition to be relieved on June 5, 2013. It sent the Remittitur to the Horry County Clerk of Court on June 21, 2013.

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> GROUND ONE: The State Appellate Court erred in failing to find the trial judge erred in refusing to grant a mistrial when, in closing argument, the prosecutor made the comment, "The defense has not put up anything to say Officer Santiago wasn't telling the truth", and later said, "They testified and there is nothing that the defense has produced to say those events did not occur", because the statement constituted improper comments on the defendant's right to remain silent and impermissibly shifted the State's burden of proof.

> GROUND TWO: The State Supreme Court erred in failing to find the PCR Court erred in not finding trial counsel ineffective for not objecting to the sufficiency of the curative instruction the judge gave the jury after the solicitor made improper comments during closing argument on Petitioner's right to remain silent and shifted the burden of proof to Petitioner.

> GROUND THREE: Prosecutorial Misconduct. Petitioner asserts he was denied his right to a fair trial when the Prosecution made improper comments during closing summation as noted in Ground One and Two that had a substan[tial] and injurious effect on the jury's verdict. To compound the issue, counsel was ineffective in failing to object on the grounds of deliberate prosecutorial misconduct, and further the trial court, [sua sponte] should have declared a mistrial.

> GROUND FOUR: Petitioner received ineffective assistance of counsel when counsel failed to motion to suppress the drug evidence since the [officers] did not have probable cause for the stop.

5

GROUND FIVE: Counsel was ineffective for entertaining a conflict of interest since counsel was friends with the Officers in the case.

The following documents have been made part of the record here:

1. Appendix, The Honorable Steven H. John, Circuit Court Judge;
2. Supplemental Record on Appeal;
3. Notice of Appeal dated June 8, 2007;
4. Final Brief of Appellant dated January 26, 2009;
5. Final Brief of Respondent dated November 24, 2008;
6. Remittitur dated May 4, 2010;
7. Notice of Appeal dated September 20, 2011;
8. Petition for Writ of Certiorari dated May 3, 2012;
9. Return to Petition for Writ of Certiorari dated June 18, 2012;
10. South Carolina Supreme Court's Order denying certiorari dated June 5, 2013; and
11. Remittitur dated June 21, 2013.

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

6

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by

28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997);

Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts

may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented at the
> State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).

"[A] federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly.  Rather, that application must

also be unreasonable." Williams, 529 U.S. at 410.

The proper analysis for establishing whether there exists an "unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by

a state court are entitled to a "presumption of correctness," and the Petitioner must bear

the burden of rebutting that presumption by "clear and convincing evidence." See 28

U.S.C. § 2254(e)(1).  As such, federal courts must accord "considerable deference in

their review of state habeas proceedings." Lovitt v. True, 403 F.3d 171, 178 (4th Cir.

7

2005) (citing Williams v. Taylor, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d

389 (2000)).  "A state court's determination that a claim lacks merit precludes federal

habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## Procedural Bar

A. Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas

claim if a Petitioner has not first submitted his claims for relief to the state courts.

Generally, pursuant to the exhaustion doctrine[1], a habeas petitioner will be procedurally

barred from bringing a federal habeas claim if the claim has not first been presented to

the state's highest court with authority to decide the issue. See  28 U.S.C. § 2254[2];

Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2 d 379 (1982).

---

[1]  As stated by the Supreme Court:
The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act ... . Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

[2]  Section (b) and (c) read as follows:
(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the
        judgment of a State court, shall not be granted unless it appears that
        (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B) (i) there is either an absence of available State corrective process; or
            (ii) circumstances exist that render such process, ineffective to protect the rights of the
                applicant.
    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the
        failure of the applicant to exhaust the remedies available in the courts of the State.
    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from
        reliance upon the requirement unless the State, through counsel, expressly waives the
        requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State,
    within the meaning of this section, if he has the right under the law of the State to raise, by any
    available procedure, the question presented.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 266 S.C. 68, 221 S.E.2d 767 (1976).  The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C.Code Ann. § 17–27–10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application. See S.C.Code Ann. § 17–27–90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas corpus relief under 28 U.S.C. §2254 is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court[3] through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.  If any avenue of state relief is still available, the Petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a Petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed and, generally, is procedurally barred from federal

---

[3]  The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review in the South Carolina Supreme Court after the petition's transfer to the South Carolina Court of Appeals. See  State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 854 (S.C. 2002), citing  In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454  (S.C. 1990).

habeas review. Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434

(1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural

bar (through non-exhaustion or procedural bypass); however,

... the exercise of that power ordinarily is inappropriate unless the defendant
succeeds in showing both "cause" for noncompliance with the state rule and "actual
prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 ( quoting  Wainwright v. Sykes, 433 U.S. at 84  (1977)).

See also  Engle v. Isaac, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

B. Cause and Actual Prejudice

In order to have such claims considered, a Petitioner must show sufficient cause

for failure to raise the claim and actual prejudice resulting from the failure, Coleman v.

Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has

occurred. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).  A

Petitioner may prove cause if he can demonstrate ineffective assistance of counsel

relating to the default, show an external factor which hindered compliance with the state

procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477

U.S. 478, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986); Clozza v. Murray, 913 F.2d 1092 (4th

Cir. 1990), cert. denied, 499 U.S. 913, 111 S.Ct. 1123, 113 L.Ed.2d 231 (1991); and

Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000, 108

S.Ct. 1459, 99 L.Ed.2d 690 (1988).  Generally, a Petitioner must show some error to

establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531

U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000).  In addition, a Petitioner m ust show

an actual and substantial disadvantage as a result of the error, not merely a possibility

10

of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

Petitioner may also rely on the doctrine of actual innocense to excuse his default.  "Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), aff'd, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997).  To prevail under this theory, a Petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir .1999).  A petitioner may establish actual innocence as to his guilt, id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

Procedural default is an affirmative defense which is waived if not raised by Respondents. Gray v. Netherland, 518 U.S. at 165–66.  It is Petitioner's burden to raise cause and prejudice or actual innocence.  If not raised by Petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171, 116 S.Ct. 1575, 134 L.Ed.2d 673 (1996).

**Trial Testimony**

On the afternoon of August 31, 2006, Sergeant Lucas Green received a "BOLO" for two males in a white Oldsmobile, traveling on Highway 701 in Conway. The men were wanted in connection with a car-jacking.  Sgt. Green spotted a white Oldsmobile operated by two black males a few minutes after he received the dispatch.  He followed the white car in his marked Horry County Police car, but it sped off and "then all of a sudden made a severe left" into a convenience store parking lot.  Green then pulled in behind the car. (App. pp. 58-61; 71-78).

Sgt. Green testified that the driver and passenger immediately exited the car. The passenger walked toward the convenience store; however, Richburg, the driver,

tried to walk away.  Sgt. Green ordered both of them to stop. ( App. pp. 61-62).  At that

point, Richburg turned around and walked toward him.  Sgt. Green frisked Richburg for

weapons and requested his driver's license.  Richburg told Green that his driver's

license was suspended and that he did not have it, and Green placed him under arrest

for not having a driver's lisence. (App. pp. 62-63).  Sgt. Green then tried to handcuff

Richburg, but Richburg resisted and tried to flee.  Sgt. Green struggled with Richburg

for about fifteen seconds before Richburg fell to the ground.  By this time, Corporal

Santiago had arrived and helped subdue Richburg. (App. pp. 62-64; 82).  Sgt. Green

testified that Corporal Santiago saw Richburg throw away a plastic bag during the

struggle.(App. pp. 64).

Corporal Santiago testified he pulled up to the scene and observed Sgt. Green

struggling with Richburg. (App. pp. 84-85).  Before Cpl. Santiago assisted Green, he

saw that Richburg had something in his hand.  He saw  Richburg throw it away into an

open area. (App. p. 85-87).  Cpl. Santiago looked for the object for about "two or three

minutes" after he helped Officer Rash inside the store. (App. pp. 85; 94-96; 101-02).

Finally, Cpl. Santiago found a little cellophane package in an open area "about seven to

eight feet" away from where Richburg and Sgt. Green had struggled. (App. pp. 86-87).

Cpl. Santiago found the plastic bag in an open area, and there was nobody else

in the vicinity. (App. p. 87).  The bag contained 23.64 grams, or 364.76 grains, of

cocaine in ten separate, smaller baggies. (App. pp. 135-45; Court's Exhibit 2, report of

"Horry County Police Department Regional Drug Analysis Laboratory," Supp. ROA p.1).

## DISCUSSION

A review of the record and relevant case law indicates that Petitioner's Grounds

12

1, 3, 4 and 5 have been procedurally defaulted without excuse and cannot be reviewed on the merits here, and that Ground 2 should be denied on the merits.

Petitioner exhausted the claims in Grounds 1, 2, and 3; Grounds 1 and 3 were raised on direct appeal, while Ground 2 was the sole claim raised in the Petition for a Writ of Certiorari following the denial of relief by the PCR court.  Petitioner does not have any state court remedies available to him because any future PCR application would be barred as successive under S.C. Code Ann. § 17-27-90 (1985), and Aice v. State, 305 S.C. 448, 409 S.E.2d 392 (1991), and because any future PCR application would be untimely under the one-year statute of limitations which governs the filing of PCR actions, S.C. Code Ann. § 17-27-45(A) (Supp. 2013).  Therefore, the exhaustion requirement is technically satisfied; however, Grounds 1 and 3 were procedurally defaulted.

GROUNDS 1 AND 3

Petitioner raised as his first argument here that the trial judge erred by denying trial counsel's motion for a mistrial based upon the Assistant Solicitor's comments in closing argument, which he characterized as comments upon his right to remain silent and not testify.  He asserted the same error in Ground 3 as "prosecutorial misconduct." Respondent has not waived procedural default under Coleman v. Thompson, 501 U.S. 722, 729-30 (1991), as the South Carolina Court of Appeals relied upon an independent and adequate state procedural ground in finding this claim was procedurally barred from their appellate review.

The relevant facts are as follows.  Petitioner elected not to testify at trial and he did not present any witnesses.  Immediately before the closing arguments by the

13

parties, the trial judge gave the jury the following, lengthy instructions:

> All right, the defense has decided not to put up a case. And let me just say to you, ladies and gentlemen, as I told you when we first began, the Defendant has no burden of proof here, The Defendant is not required to testify. The Defendant is not required to respond to the charges in any way. It's the State's burden to prove the State's case. As you've heard, there is no testimony from the defense side of the case, which means now we are at the close of the testimonial phase of the case, and now go into the closing arguments.
>
> The way we will proceed [is] just as we have done everything else, the State has the burden of proof. The State will go first in closing argument, and then the defense will go. ...
>
> Let me talk with you about one thing that I know you are aware of. You've heard the evidence in the case. The evidence in the case is what the witnesses say from the witness stand. Again, this is why you sit where they do, and they sit where they do.
>
> Now what the lawyers, tell you in closing argument is their belief or opinion of what the facts have shown, or what the evidence has shown, or what the inferences from that evidence reveals. What the lawyers say is not evidence. I am sure you understand that. The evidence is what the witnesses have said. So please understand the distinction between an attorney's argument, and the evidence in the case.

(App. p. 162, line 17 – p. 163, line 17. See also App. p. 45).

During the Assistant Solicitor's closing argument, he made the following remarks,

which form the core of Grounds 1, 2, and 3 in the instant Petition:

> Mr. Graustein:  ... The officers here testified before you. They swore to tell the truth as to what they saw and observed on August 31. Their report and what they put into or what they told … other officers to put into their report that paperwork is not evidence in this case, these officers' testimony is. So the one question you have to ask and answer is, did the Defendant possess these drugs at any time on August 31? And officers testified that when they recovered them they were not in the possession of the Defendant. Officer Santiago testified he saw the Defendant throw these drugs. Well when he threw them they were in his possession. When he threw them, they were in his possession. The defense has not put up anything to say Officer Santiago wasn't telling the truth. They told you a lot about how paperwork may not have been done just right. Detective Jolliff did not talk to Officer Santiago, so what? Officer Santiago sat right here and told you what he saw. What he may or may not have said to Detective Jolliff, that is not evidence. What he told you is, what he told you under oath is. ...
>
> This case is really about using your common sense, and there is a whole lot of stuff about whether the paperwork was done right, and whether the reports were filled out correctly, and whether a certain officer was talked to back at the time the report was filled out, but those reports are not evidence in this case. All of those officers about whether they should or should not have been mentioned in a report, they were all here to testify. They were all here to testify to you and give evidence, and they were the ones that provided the evidence in this case, their testimony. So, what you have to look at and keep your focus on in this case is the crime that was committed, not the administrative procedures afterwards. There is not one bit of evidence, not one bit of testimony that what these officers testified to you about that that did not occur. They all came, they were sworn to testify truthfully. They testified and there is nothing that the defense has produced to say those events did not occur. And especially that what Officer Santiago testified to, and what

> he saw, and observed during that stop, and during that encounter that what he saw did not happen. Looking at the evidence that is presented to you, I would urge you to look at that evidence, use your common sense. ...

(App. p. 164, line 3 – p. 167, line 3).

At the conclusion of the Assistant Solicitor's closing argument, defense counsel Bellamy  moved for a mistrial, "or certainly a curative instruction."  He argued that the Assistant Solicitor had improperly commented on Richburg's right not to present any evidence and had thereby shifted the State's burden of proof. (App. p. 167, lines 16-22).

Judge Baxley denied the motion for a mistrial (App. 168, lines 5 ,6)  but immediately gave the jury the following curative instruction:

> ... I will say to the jury, ladies and gentlemen the comments you heard in closing about there not being evidence to the contrary, and what [defense counsel] is saying, and you heard it so you understand it, is that it shifts the burden to the Defendant somehow to prove his innocence.
> I am going to sustain that objection with this curative instruction. It's not the Defendant's burden to come in and disprove any fact within the case, or to prove any fact within the case for that matter. The burden as we have said several times, is always on the State to prove its cases regardless of whether there is responsive testimony or not. The Defendant has constitutional right to remain silent. The State cannot invade that. Nor can they require the Defendant to testify. That would not be appropriate constitutionally. So, please understand that the burden at all times is on the State, and you should not take any inference if the Defendant does not testify on any point, and I will talk with you further in my charge to you on the law. But that is not to be held against the Defendant in any way.
> Let me ask, are there any questions from the jurors about this court's instruction I've just given you. Then seeing none, and Mr. Bellamy, you are recognized now for closing argument.

Defense counsel Bellamy then made his closing argument to the jury. (App. p. 168, line 3 – p. 169, line 1).

This alleged error, that the trial judge should have granted defense counsel's motion for a mistrial, was the only issue raised on direct appeal. See Final Brief of Appellant at p. 3.  The state court of appeals denied relief on this claim as follows, "We affirm pursuant to Rule 220(b)(1), SCACR, and the following authority: State v. George,

323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) (holding the issue is not preserved for review if the 'objecting party accepts the judge's ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial')." (App. p. 312) (footnote omitted).

The United States Supreme Court has held that it will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. See, e.g., Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935); Klinger v. Missouri, 13 Wall. 257, 263, 20 L.Ed. 635 (1872). See also Beard v. Kindler, 130 S.Ct. 612, 615 (2009) ("A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment' ") (quoting Coleman, 501 U.S. at 729). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Walker v. Martin, 131 S.Ct. 1120, 1127 (2011). See also Coleman, 501 U.S. at 729 ("This rule applies whether the state law ground is substantive or procedural"); Wainwright v. Sykes, 433 U.S. 72, 81-82 (1977).

As the Court further explained in Coleman,

> We have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds. See Wainwright v. Sykes, 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 2503-2504, 2506-2507, 53 L.Ed.2d 594 (1977); Ulster County Court v. Allen, 442 U.S. 140, 148, 99 S.Ct. 2213, 2220, 60 L.Ed.2d 777 (1979). See generally [Harris v. Reed, 489 U.S. 255, 262 (1989)].

16

Coleman, 501 U.S. at 729-30.

It appears that Respondent is correct in his submission that the state procedural requirement for error preservation relied upon by the state court of appeals is a firmly established rule that is consistently and regularly applied. See, e.g., State v. Williams, 386 S.C. 503, 521, 690 S.E.2d 62, 71 (2010); State v. Heller, 399 S.C. 157, 173-74, 731 S.E.2d 312, 321-22 (Ct.App. 2012); State v. White, 371 S.C. 439, 445, 639 S.E.2d 160, 163 (Ct.App. 2006); State v. Beckham, 334 S.C. 302, 313-14, 513 S.E.2d 606, 611-12 (1999); State v. Patterson, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct.App. 1999). ("Because a trial court's curative instruction is considered to cure any error regarding improper testimony, a party must contemporaneously object to a curative instruction as insufficient or move for a mistrial to preserve an issue for review"). As a result, this rule constitutes an independent and adequate state law ground barring federal habeas corpus relief. See, Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (a state rule is "adequate" if it is "consistently or regularly applied"); Ake v. Oklahoma, 470 U.S. 68, 75 (1985) (a state rule is independent if it does not "depend[ ] on a federal constitutional ruling"); Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012) ("A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed" (citations omitted); Walker, 131 S.Ct. at 1127-28 (2011) ("To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed'" (citing Beard v. Kindler, 130 S.Ct. 612, 618 (2009)); Coleman, 501 U.S. at 729-30, 740-43; Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (state procedural default

17

is not an "independent and adequate state ground" barring subsequent federal review unless the state rule was " 'firmly established and regularly followed' " at the time it was applied).

Consistent or regular application of a state rule of procedural default does not, however, require that the state court show an "undeviating adherence to such rule admitting of no exception." See Wise v. Williams, 982 F.2d 142, 143 (4th Cir. 1992) (internal quotation marks omitted).  To the contrary, "despite some deviations, a general rule, that has been applied in the vast majority of cases" must be considered to be consistently applied. Plath v. Moore, 130 F.3d 595, 602 (4th Cir. 1997) (internal quotation marks omitted), cert. denied, 523 U.S. 1143 (1998).  In determining whether a state has consistently applied a procedural rule, a federal habeas court may properly consider only those instances in which the state advanced the procedural rule as a basis for a decision adverse to the Petitioner because a state court cannot inconsistently apply a procedural rule that was not presented for its consideration. See Meadows v. Legursky, 904 F.2d 903, 907 (4th Cir.1990) (en banc).

Therefore, Grounds 1 and 3 are procedurally defaulted and cannot be reviewed here on the merits unless Petitioner has shown cause and actual prejudice or that failure to review the claims would result in a fundamental miscarriage of justice.  He has not shown cause for the default because, for the reasons in Ground Two, infra, he cannot show that the default was the result of ineffective assistance of trial counsel. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (holding that a defendant's claim of ineffective assistance of counsel as cause for procedural default in a § 2254 petition is a constitutional claim that is also subject to being procedurally defaulted if it was not

18

timely raised before the state court).  He also cannot show prejudice from the default.
See Ground Two.

GROUND TWO

Next, in Ground 2, Petitioner asserted that trial counsel was "ineffective for not
objecting to the sufficiency of the curative instruction the judge gave the jury after the
solicitor made improper comments during closing argument on Petitioner's right to
remain silent and shifted the burden of proof to Petitioner."   This claim was rejected by
the South Carolina Supreme Court in a summary denial of the Petition for a Writ of
Certiorari.   It appears that the denial was not "contrary to" and did not involve an
"unreasonable application of" clearly established United States Supreme Court
precedent under § 2254(d)(1) because Petitioner cannot "show that the state court's
ruling on the claim being presented in federal court was so lacking in justification that
there was an error well understood and comprehended in existing law beyond any
possibility for fairminded disagreement." Richter, 131 S.Ct. at 787.

At the PCR hearing, Petitioner testified that counsel was ineffective for failing to
properly object when the Assistant Solicitor made improper comments in his closing
argument that referenced Petitioner's right to remain silent.  He testified that counsel
failed to immediately object when the comments were made and that counsel failed to
object after a curative instruction was given on the ground that the curative instruction
was not sufficient to cure the prejudice resulting from the solicitor's comments. App. pp.
242-46; 251-55.

During the PCR hearing before Judge John, trial counsel Bellamy  testified that
he did not immediately object in front of the jury and approached the bench instead

19

because, "I didn't know how the judge would want to handle it, whether in front of the jury or not in front of the jury." He did place his objection on the record after the bench conference. Bellamy moved for a mistrial or, alternatively, for a curative instruction. "I wanted a mistrial but I had no reason to object to the instruction given to the jury because I thought it was a correct instruction. I had wanted the mistrial but he denied that motion." App. pp. 272-73.

First Judge John recited controlling federal law on ineffective assistance of counsel citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The United States Supreme Court in Strickland adopted a two-prong test for use in determining whether a Petitioner received adequate assistance of counsel within the mandates of the Sixth Amendment. The first-prong of the test is competence: the Petitioner must show that counsel's performance was deficient. The second Strickland prong is prejudice: "The defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

Since the burden is on the Petitioner to show both incompetence and sufficient prejudice, an inquiry into whether counsel's performance was deficient may begin with an inquiry of either prong of the Strickland test. Strickland, 466 U.S. at 697.

Judge John found, in pertinent part, as follows:

After careful consideration of the entire record, this Court finds that counsel's conduct in dealing with the solicitor's comments was reasonable, and that the Applicant failed to prove that he suffered prejudiced by the comments. First, it does not appear that the solicitor's comments were

directly aimed at referencing the defendant's right to remain silent. Instead, both of the comments appear to be an argument in response to the defense's extensive cross-examination of the officers insinuating that their testimony was not accurate because they did not all fill out proper paperwork, did not have a videotape of the incident, and because they did not request fingerprinting. (See Trial Transcript, pages 68-81; pages 91-104; p. 109-113; p. 120-29: p. 134-35: p. 142-145). It appears that the solicitor was attempting to argue that regardless of the administrative aftermath, there was no reason to disbelieve the officers' testimony under oath regarding what transpired on the day in question.

Even if the comments could be construed as an indirect reference to the defendant's right to remain silent, counsel objected and moved for mistrial at the end of the solicitor's argument in the presence of the jury. His objection came only moments after the solicitor's last comment. (See Trial Transcript, page 166-67). The trial judge sustained the objection and immediately issued a thorough curative instruction emphasizing to the jury that it was not the defendant's burden to disprove any fact within a case. The jurors indicated that they had no questions about this curative instruction. This Court finds that the judge's curative instructions were proper and were sufficient to cure any possible prejudice from the solicitor's comments; therefore, counsel was not ineffective for failing to make further objections.

Moreover, the degree of possible prejudice from the comments was slight because the judge had previously informed the jury during the course of trial that the defendant had no burden to prove that the State's allegations were incorrect (page 45). Further, just before the State's closing argument, the judge instructed the jury that the defendant had no burden of proof and that he was not required to respond to the charges in any way (page 162). He also told the jurors that what the attorneys say in closing argument is not evidence (page 163).

In addition, after the judge issued his curative instruction in response to counsel's motion for mistrial, counsel reiterated again in his own closing argument that it was not the defendant's burden to contradict the State's evidence (page 174). Subsequently, in the final jury instructions, the judge told the jury that the fact that testimony is not directly controverted does not mean the jury must accept it as true (page 179). The judge also instructed the jurors again that the defendant has the right to remain silent; that he is not required to prove his innocence at any time; and that the burden of proof is on the State to prove its case beyond a reasonable doubt (page 185). This Court would also note that after trial, the judge re-stated his belief that the solicitor's comments were not intended to be a reference to the defendant's right to remain silent, but that even if they could be construed that way, the immediate curative instruction and subsequent instructions cured any possible prejudice (page 201).

Therefore, based upon the foregoing, this Court finds that counsel's performance with respect to the solicitor's comments was reasonable and that the Applicant failed to prove he was prejudiced. See State v. Cooper, 334 S.C. 540, 554, 514 S.E.2d 584, 591 (1999). Accordingly, this allegation is denied and dismissed.

App. Pp. 301-03.

Petitioner here simply failed to show that the PCR Court unreasonably applied

federal law in addressing this claim and furthermore, Petitioner failed to show that the

PCR Court made an unreasonable determination of the facts in addressing this claim.

First, Judge John's factual finding that the Assistant Solicitor's comments were

not intended to directly aimed at reference Petitioner's exercise of his right to remain

silent is supported by the record, as is the finding that the challenged "comments appear to be an argument in response to the defense's extensive cross-examination of the officers insinuating that their testimony was not accurate because they did not all fill out proper paperwork, did not have a videotape of the incident, and because they did not request fingerprinting." (App. pp. 68-81; 91-104; 109-13; 120-29: 134-35: 142-45). Thus, the factual findings are not objectively unreasonable and they cannot serve as the basis for habeas corpus relief. § 2254(d)(2).  Furthermore, his findings are entitled to a presumption of correctness, which a habeas petitioner must rebut by clear and convincing evidence. § 2254(e)(1). See also Donnelly v. DeChristoforo, 416 U.S. 637 at 647 (1974) ("a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations"); see also United States v. Jones, 471 F.3d 535 (4th Cir. 2006) (prosecutor's comment during closing argument of defendant's prosecution for transporting a minor across state lines for sexual purposes, "that if defense had any real evidence, don't you think they would have presented it to you?" did not improperly refer to defendant's failure to testify on his own behalf, but instead referred to the alternative scenario presented by defense counsel in his closing argument); United States v. Francis, 82 F.3d 77, 78 (4th Cir. 1996) (a prosecutor's mention of a defendant's failure to refute evidence does not violate a defendant's right against self-incrimination); United States v. Percy, 765 F.2d 1199, 1204 (4th Cir. 1985) (same); United States v. Spriggs, 452 Fed.Appx. 271, 272-73, 2011 WL 5252647 (4th Cir. 2011) (Government's statement during rebuttal closing argument that jury had zero evidence supporting defendant's theory of case was

22

not improper comment on defendant's failure to testify, in trial for armed carjacking, brandishing firearm during and in relation to carjacking, and possession of firearm by convicted felon; context in which comment was made indicated that it was not intended to be comment on defendant's failure to testify but to challenge defendant's theory of case presented during defendant's closing argument that he was legitimately in possession of victim's car, and to rebut defendant's characterization of victim's testimony, whereby he hypothesized that victim was dealing drugs on night in question and that her 911 call was motivated by something other than carjacking); United States v. Jones, 471 F.3d 535, 542 (4th Cir. 2006) (a prosecutor's statement does not amount to an improper comment on a defendant's refusal to testify unless, in context the offending language was "manifestly intended to be, or [was] ... of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify").

Therefore, it appears there was no deficient performance in counsel's failure to object to the curative instruction because there was no prosecutorial misconduct. Rather, the challenged remarks were proper.  Nevertheless, the trial judge gave the curative instruction. Accord United States v. Dorsey, 45 F.3d 809, 817-18 (4th Cir.1995) (In general, where there is no Government misconduct and a curative instruction is given, a mistrial is not warranted).

Even assuming *arguendo* that the challenged remarks could be construed as indirectly referring to Petitioner's exercise of his right to remain silent, the comments were not so prejudicial as to deprive Petitioner of a fair trial.  The trial judge sustained the objection and immediately gave a lengthy curative instruction. This curative

23

instruction, like the charge before the arguments of counsel began (App. p. 162, line 17 – p. 163, line 17; see also App. p. 45), emphasized to the jury that the State bore the burden of proof and that it was not a defendant's burden to disprove any fact within a case. (App. p. 168, line 3 – p. 169, line 1).

Courts "normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an "overwhelming probability" that the jury will be unable to follow the court's instructions, … and a strong likelihood that the effect of the evidence would be 'devastating" to the defendant.'" Greer v. Miller, 483 U.S. 756, 767 n. 8 (1987)8 (citing Richardson v. Marsh, 481 U.S. 200, 208 (1987) and Bruton v. United States, 391 U.S. 123, 136 (1968)). See also Weeks v. Angelone, 528 U.S. 225, 234 (2000); Old Chief v. United States, 519 U.S. 172, 196 (1997) ("Any incremental harm resulting from proving the name or basic nature of the prior felony can be properly mitigated by limiting jury instructions"); United States v. Olano, 507 U.S. 725, 740-741 (1993) (" '[We] presum[e] that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them' ") (citing Francis v. Franklin, 471 U.S. 307, 324, n. 9 (1985)). Here, this Court has "no reason to believe that the jury in this case was incapable of obeying the curative instructions." Greer, 483 U.S. at 767 n. 8.

In addition, after the trial judge issued his curative instruction in response to Bellamy's mistrial motion, Bellamy reiterated again in his own closing argument that it was not the defendant's burden to contradict the State's evidence. (App. p. 174). Subsequently, in the final jury instructions, the trial judge charged the jury that the fact

testimony is not directly controverted does not mean the jury must accept it as true. (App. p. 179). He also instructed the jurors, again, that a defendant has the right to remain silent; that he is not required to prove his innocence at any time; and that the burden of proof is on the State to prove its case beyond a reasonable doubt. (App. p. 185).

Therefore, there was no prejudice to Petitioner from the prosecutor's remarks and counsel was not deficient nor was Petitioner prejudiced by the absence of an objection to the curative instruction. Petitioner failed to carry his burden of establishing counsel was ineffective as required by Strickland and its progeny. Petitioner is not being held in violation of the constitution.

GROUNDS 4 AND 5

In Ground Four, Petitioner maintained that he received ineffective assistance of counsel because counsel failed to motion to suppress the drug evidence since the police did not have probable cause for the stop him. In Ground Five, Petitioner alleged that counsel had a conflict of interest because counsel was friends with the Officers in the case. Both claims are procedurally defaulted under Coleman, 501 U.S. at 729-30, because neither was presented to the state supreme court on certiorari even though both were ruled upon by the PCR judge.

As before, Petitioner cannot show cause for the default of these claims, id. at 749-50, since the ineffective assistance of collateral appellate counsel does not constitute cause to excuse a procedural default. Id.; see also Martinez v. Ryan, 132 S.Ct. 1309 at 1319 (2012) ("Coleman held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to

initial-review collateral proceedings for claims of ineffective assistance of counsel at trial"); Id at 1315 ("To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in Coleman that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default . . . by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"); id at 1320  ("The rule of Coleman governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts").

Furthermore, Petitioner presented no evidence that he would have been successful on appeal had the issues been presented; both Grounds are without merit.

CONCLUSION

Accordingly, for the aforementioned reasons, it is RECOMMENDED that the Petition be denied and this matter ended.   It is also RECOMMENDED that a certificate of appealability be denied.[4]

---

[4] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

IT IS SO RECOMMENDED.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August 14, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).