IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tarren Lee Richburg, #271746, ) | Civil Action No.: 2:13-1931-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Robert Stevenson, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner Tarren Lee Richburg, #271746 ("the petitioner"), proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Wallace W. Dixon, for pretrial handling and a Report and Recommendation ("Report'). Judge Dixon recommends that the respondent's motion for summary judgment be granted and the petitioner's petition for writ of habeas corpus be denied. (ECF No. 35.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

The petitioner filed this action against the respondent on July 10, 2013,[1] alleging, *inter alia*, error by trial judge and ineffective assistance of counsel. On August 14, 2014, the Magistrate Judge issued a Report; and on September 5, 2014, the petitioner filed his Objections. (ECF No. 37.) The Court has reviewed the objections, but finds them to be

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on July 10, 2013, by the BRCI (Broad River Correctional Institution) mailroom. (ECF No.1-2.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The Magistrate Judge found that Grounds One, Three,[2] Four and Five are procedurally defaulted and the court agrees. Moreover, the petitioner has made no showing of cause for his failure to raise these claims or actual prejudice, nor does he

---

[2]There appears to be a scrivner's error on page thirteen of the Report. Ground Three was not raised on direct appeal, but was raised in the petitioner's PCR instead. Nevertheless, Ground Three is still defaulted inasmuch as the petitioner failed to raise it in his petition for a writ of certiorari.

demonstrate that failure to consider these claims would result in a miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991). Therefore, the Court is unable to review Grounds One, Three, Four and Five under § 2254.

In Ground Two, the petitioner contends that his trial counsel was "ineffective for not objecting to the sufficiency of the curative instruction the judge gave the jury after the solicitor made improper comments during closing argument on Petitioner's right to remain silent and shifted the burden of proof to Petitioner" (ECF No. 35 at 19). The Magistrate Judge is correct, however, in stating that "there was no prejudice to Petitioner from the prosecutor's remarks and counsel was not deficient nor was Petitioner prejudiced by the absence of an objection to the curative instruction. Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland* and its progeny. Petitioner is not being held in violation of the constitution." *Id* at 25.

Most of the petitioner's objections generally consists of nothing more than arguments that the Magistrate Judge has already considered and rejected. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. And, the petitioner's remaining objections are so lacking in merit as not to warrant discussion. Therefore, the Court will overrule the petitioner's objections.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts and incorporates the Report to the extent that it does not contradict this Order. It is therefore ORDERED that the respondent's motion for summary

judgment (ECF No. 16) is GRANTED and the petitioner's petition for a writ of habeas corpus is DENIED without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 30, 2015
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.